IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DENISE LONG, | ) Case No. 1:20-cv-1490 |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) MAGISTRATE JUDGE |
| v. | ) THOMAS M. PARKER[1] |
| | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) **MEMORANDUM OPINION AND** |
| | ) **ORDER** |
| Defendant. | ) |

Plaintiff Denise Long applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act because she had trouble with her knees and back. But the Commissioner of Social Security denied her applications. So Long filed a complaint for judicial review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), arguing, among other things, that the court should remand this case for the Commissioner to consider a July 25, 2019 pain management treatment record from Al-Amin Khalil, M.D.[2] ECF Doc. 16-1. Because the court finds that the ALJ failed to apply proper legal standards when she didn't consider Dr. Khalil's July 2019 medical records and the error was not harmless, the Commissioner's final decision denying Long's applications for DIB and SSI must

---

[1] The parties consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. ECF Doc. 7; ECF Doc. 8.

[2] Long also argued that: (1) the Administrative Law Judge ("ALJ") erred in finding that she didn't meet Listing 1.02A (major dysfunction of a joint with involvement of one major peripheral weight-bearing joint); and (2) the ALJ erred in weighing opinions from treating orthopedist Robert Fumich, MD. ECF Doc. 16-1. Because those arguments rely significantly upon the July 2019 record that the ALJ failed to consider, the court declines to address them at this time.

be VACATED and Long's claims must be REMANDED to the Commissioner for further proceedings.

I. **Procedural History**

On February 13, 2018, Long protectively applied for DIB and SSI. (Tr. 305-16).[3] Long alleged that she became disabled on May 12, 2017, due to: "1. knees/arthritis, medial and meniscal. surgery 4 times; 2. Back/Arthritis<herniated/slip disc, bulging disc." (Tr. 305, 335). The Social Security Administration denied Long's applications initially and upon reconsideration. (Tr. 164-220). Long requested an ALJ hearing. (Tr. 107-36). ALJ Traci Hixson heard Long's case on August 15, 2019 and denied her claims in a September 27, 2019 decision. (Tr. 70-89, 107-36). On June 5, 2020, the Appels Council denied further review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-7). And on July 7, 2020, Long filed a complaint to obtain judicial review. ECF Doc. 1.

II. **Evidence**

In addition to the evidence summarized in the ALJ's written decision,[4] Long submitted to the Social Security Administration a July 25, 2019, pain management treatment record from Amin Khalil, M.D. (Tr. 102-07). In that record, Dr. Khalil noted that Long complained about pain in both knees, both thumbs, and her left wrist. (Tr. 102). Long rated her pain as a 7 on a 10-point scale. (Tr. 102). Dr. Khalil noted that Long had cortisone and Synvisc injections to manage her pain, and she was scheduled to be evaluated in September 2019 for a total knee replacement surgery. (Tr. 102). She had difficulty walking and joint stiffness. (Tr. 102).

---

[3] The administrative transcript appears in ECF Doc. 13.
[4] Long doesn't challenge the way the ALJ characterized the objective medical evidence and testimony summarized in her decision, and independent review doesn't reveal any material inconsistencies (other than the omission of the July 2019 medical records) between the ALJ's summary and the record before this court. *Compare* (Tr. 79-81), *with* (Tr. 376-18); *see also* ECF Doc. 16-1. Thus, the court adopts and incorporates by reference the ALJ's summary of the medical evidence and Long's hearing testimony.

Radiologic imaging showed bone-on-bone rubbing in her left knee and 'severely diminished" cartilage in her right knee. (Tr. 102). Examination showed an abnormal gait, crepitus, hypertrophy in the knees, swelling in the knees, tenderness at multiple points in the knees, and limited range of motion in all planes of the knees. (Tr. 105). Although, Dr. Khalil noted that Long had normal motor strength, sensation, and reflexes, he also found that inspection and palpation of Long's muscles was abnormal. (Tr. 105).

## III. The ALJ's Decision

Relevant to Long's arguments on judicial review, the ALJ found that Long didn't have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App'x 1. (Tr. 77-78). In determining that Long didn't meet Listing 1.02 (major dysfunction of a joint) and Listing 1.03 (reconstructive surgery or surgical arthrodesis of a major weight-bearing joint), the ALJ specifically relied upon her conclusion that the medical records didn't demonstrate that Long was unable to ambulate effectively. (Tr. 77).

The ALJ also determined that Long had the residual functional capacity ("RFC") to perform a range of sedentary work, except that she could:

> occasionally lift 10 pounds frequently lift 5 pounds. She can walk/stand 2 hours out of an 8-hour workday, and sit for 6. She would need a sit/stand option every 30 minutes for one minute. She would need a cane to stand/walk. She can occasionally climb stairs/ramps, no ladders, ropes, or scaffolds. She can occasionally use foot controls, balance and stoop. There should be no kneeling, crouching, crawling, unprotected heights, heavy machinery, commercial driving, or extreme cold.

(Tr. 78). In reaching this RFC determination, the ALJ stated that opinions from treating orthopedist Robert Fumich, MD, were "not persuasive." (Tr. 82). The ALJ explained that,

although Dr. Fumich's opinions were "consistent with objective findings that reflect disorders in claimant's knees that necessitate some limitations on her postural activity, . . . [Long] was noted to have 4+/5 strength in both knees." (Tr. 82). The ALJ also noted that the medical records she considered "implie[d]" that Long's knee limitations were temporary, during her recovery after an August 2018 surgery. (Tr. 82).

Based on her findings, the ALJ determined that Long was able to return to her past work as a collections clerk and, therefore, wasn't disabled. (Tr. 83-84).

## IV. Law & Analysis

### A. Standard of Review

The court reviews the Commissioner's final decision to determine whether it was supported by substantial evidence and whether proper legal standards were applied. 42 U.S.C. § 405(g); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Under this standard, the court cannot decide the facts anew, evaluate credibility, or re-weigh the evidence. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). And, even if a preponderance of the evidence supports the claimant's position, the Commissioner's decision still cannot be overturned "'so long as substantial evidence also supports the conclusion reached by the ALJ.'" *O'Brien v. Comm'r of Soc. Sec.*, 819 F. App'x 409, 416 (6th Cir. 2020) (quoting *Jones*, 336 F.3d at 477); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (Substantial evidence "means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"). But, even if substantial evidence supported the ALJ's decision, the court will not uphold that decision when the Commissioner failed to apply proper legal standards, unless the legal error was harmless. *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006) ("[A] decision . . . will not be upheld [when] the SSA fails to follow its own

4

regulations and [when] that error prejudices a claimant on the merits or deprives the claimant of a substantial right."). And the court will not uphold a decision when the Commissioner's reasoning does "not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Charter*, 78 F.3d 305, 307 (7th Cir. 1996)); *accord Shrader v. Astrue*, No. 11-13000, 2012 U.S. Dist. LEXIS 157595 (E.D. Mich. Nov. 1, 2012) ("If relevant evidence is not mentioned, the court cannot determine if it was discounted or merely overlooked.").

### B. Submitted, but Unconsidered Evidence

In her merits brief, Long argues that the court should remand her claims under Sentence Six[5] for the ALJ to consider Dr. Khalil's July 2019 medical records. ECF Doc. 16-1 at 18-20. The Commissioner responds that Sentence Six didn't fit because it only allows remand so that the Commissioner can consider "new" evidence. And the Commissioner points out that because the July 2019 medical records were available at the time of the ALJ's decision they weren't "new." ECF Doc. 18 at 17-18. Instead, the Commissioner argues that 20 C.F.R. § 404.935 (submission of evidence to the ALJ) was a better fit. ECF Doc. 18 at 19. But the Commissioner asserted Long couldn't show a reversible error under that regulation because: (1) "it is possible the ALJ considered Dr. Khalil's evidence" even though she didn't exhibit it or discuss it; (2) Long failed to meet the requirements for post-hearing submission of evidence when Dr. Khalil's record predated the hearing by 21 days; and (3) the failure to consider the record was harmless when the ALJ considered other medical records reflecting Long's osteoarthritis diagnosis and related symptoms. ECF Doc. 18 at 18-20.

---

[5] The sixth sentence of 42 U.S.C. § 405(g).

Long didn't file a reply brief, so the court held oral argument to give Long an opportunity to respond to the Commissioner's 20 C.F.R. § 404.935 argument.  *See* ECF Doc. 19.  At oral argument, it was noted that counsel had requested the July 2019 records on or around the same day that the treatment occurred, and she submitted the records to the Commissioner on or around the same day that she received them (September 3, 2019).  The court specifically asked counsel to address whether Long had forfeited any argument that she met the requirements of 20 C.F.R. § 404.935 with respect to Dr. Khalil's July 2019 medical records.  Counsel for Long asserted that she had preserved the § 404.935 issue when she submitted the July 2019 records to the Social Security Administration before the ALJ issued her decision.  Counsel also acknowledged that the issue of outstanding evidence hadn't been raised at the hearing and she wasn't in a position to file a five-day letter regarding the July 2019 records because she didn't have the evidence at that time.

Counsel for the Commissioner didn't actually engage the forfeiture issue.  Instead, counsel asserted that: (1) any error that the court might find in the ALJ's failure to consider the July 2019 records was harmless; and (2) Long failed to exhaust the failure-to-consider-evidence claim by not explicitly raising it before the Appeals Council.  In rebuttal, counsel for Long argued that she was required to raise (and did raise) only brief allegations of error before the Appeals Council.  Counsel asserted that a more demanding exhaustion requirement would bar review of almost any issue raised in the social security judicial review context.  Further, counsel argued that the ALJ's failure to consider the evidence wasn't harmless because it contained significant findings that could have affected the ALJ's analysis at Steps Three and Five.

The court also asked counsel for Long on what specific date she submitted the July 2019 records to the Social Security Administration. Counsel stated that her electronic filing receipts indicated that she submitted the July 2019 records on September 4, 2019.

1. **Sentence Six**

The Commissioner is right that Dr. Khalil's July 2019 medical records cannot justify a remand to consider "new evidence" under Sentence Six. 42 U.S.C. § 405(g). "New evidence" under Sentence Six is evidence that didn't exist or wasn't available at the time of the administrative proceeding. *Finkelstein v. Sullivan*, 496 U.S. 617, 626 (1990); 42 U.S.C. § 405(g). But Dr. Khalil's July 2019 medical record was completed on July 26, 2019; came into Long's possession on September 3, 2019; and was submitted to the Social Security Administration on September 4, 2019 – well *before* the ALJ issued her decision. (Tr. Index1, 94, 111). Thus, Long cannot possibly show that the July 2019 record didn't exist or wasn't available to her before the ALJ issued her decision. *Finkelstein*, 496 U.S. at 626; 42 U.S.C. § 405(g).

2. **Post-Hearing Submission under 20 C.F.R. § 404.935[6]**

A claimant is usually required to submit all her evidence at least 5 days before the ALJ hearing. 20 C.F.R. § 404.935(a). If the claimant misses the deadline, the ALJ "*will* accept [later-submitted] evidence if . . . she has not yet issued a decision [and the claimant] actively and

---

[6] Although Long didn't raise the 20 C.F.R. § 404.935 issue in her merits brief, the Commissioner specifically raised and argued the merits of that issue in his response brief. ECF Doc. 18. And, when specifically asked at oral argument to address whether Long forfeited the issue before this court, the Commissioner instead reiterated his harmless error argument and raised – for the first time at oral argument – an Appeals Council exhaustion issue (addressed below). Further, the parties addressed (and had the opportunity to respond to the court's questions regarding) the merits of the 20 C.F.R. § 404.935 issue during oral argument. Thus, this issue isn't forfeited, and the Commissioner isn't unfairly prejudiced by the court addressing it. *Cf. Creager v. Colvin*, No. 12-cv-12852, 2013 U.S. Dist. LEXIS 121387, at *28-29 (E.D. Mich., Jun. 21, 2013) (Commissioner was "sufficiently on notice" of a Sentence Six remand argument not specifically raised in a plaintiff's initial brief when the Commissioner didn't assert forfeiture and instead fully briefed the issue.).

7

diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing." 20 C.F.R. § 404.935(b)(3)(iv) (emphasis added).

In SSR 17-4p, the SSA further explained that the 5-day rule in 20 C.F.R. § 404.935(a) applied to both the submission of evidence that the claimant had, as well as the *disclosure* of evidence that the claimant didn't have but knew about. SSR 17-4p, 2017 SSR LEXIS 3, at *7-15 (Oct. 4, 2017). But the exact requirements and consequences of the disclosure prong are not particularly clear. On one hand, SSR 17-4p says that the SSA doesn't have to *seek out* or *try to obtain* evidence that the claimant hasn't told the SSA about. *See* SSR 17-4p, 2017 SSR LEXIS 3, at *9-10. On the other hand, SSR 17-4p also appears to *discourage* claimants' representatives from "inform[ing the SSA] of the existence of evidence without providing it." *See* SSR 17-4p, 2017 SSR LEXIS 3, at *13 (indicating that a representative's decision to inform the SSA about evidence without providing it could subject the representative to certain sanctions). Moreover, SSR 17-4p does *not* say that a claimant cannot *submit for consideration* evidence under a 20 C.F.R. § 404.935(b) exception when the claimant failed to *disclose* earlier the existence of such evidence. *See generally* SSR 17-4p, 2017 SSR LEXIS 3. If anything, the ruling appears to specifically indicate that *submission* of the evidence pursuant to a 20 C.F.R. § 404.935(b) exception may overcome the failure to disclose earlier the existence of such evidence. *See* SSR 17-4p, 2017 SSR LEXIS 3, at *8 ("The ALJ may decline to consider or obtain any evidence if disclosure takes place after this date, *unless certain circumstances outlined in the regulations apply*." (emphasis added)).

The parties don't dispute that Long: (1) didn't *submit* Dr. Khalil's July 2019 treatment records before the 5-day deadline; and (2) didn't *disclose* the existence of such records to the ALJ before the 5-day deadline or at the ALJ hearing. *See* ECF Doc. 16-1 at 18-20; ECF Doc. 18

8

at 18-19 & n.3; *see also* (Tr. 109-136) (never mentioning the existence of outstanding records at the ALJ hearing). Likewise, the parties don't dispute that Long submitted Dr. Khalil's July 2019 treatment records to the SSA *before* the ALJ issued her decision. ECF Doc. 16-1 at 18-20; ECF Doc. 18 at 18-19 & n.3; *see also* (Tr. Index1). So, the only questions remaining are: (1) whether the ALJ considered Dr. Khalil's July 2019 treatment records; and (2) whether Long met an exception under 20 C.F.R. § 404.935(b).

The Commissioner says that "it is possible that the ALJ considered Dr. Khalil's evidence" even though she didn't discuss it. ECF Doc. 18 at 18. In some cases, that kind of bunt can get a batter on base. *See*, *e.g.*, *Thacker v. Comm'r of Soc. Sec.*, 99 F. App'x 661, 665 (6th Cir. 2004) (omission from *discussion* alone doesn't mean evidence wasn't considered). But the ball lands on the wrong side of the foul line here. The problem isn't only a lack of *discussion*. The problem is the ALJ didn't even include the evidence in the list of exhibits she considered when issuing her decision. And, because *nothing* in the record indicates that the ALJ considered the July 2019 records, Long has satisfied that part of a 20 C.F.R. § 404.935 violation.

Long's submission of Dr. Khalil's July 2019 treatment records also fell within the diligence exception under 20 C.F.R. § 404.935(b)(3)(iv). Although Long didn't submit the records until after the ALJ hearing, she did submit them on September 4, 2019 – well *before* the ALJ issued her decision. 20 C.F.R. § 404.935(b). Further, the record shows that Long acted diligently in trying to obtain the records because she: (1) submitted her request the day after the treatment and the same day that the record was created (July 26, 2019); (2) specifically asked the records custodian to rush delivery of the records because a hearing was scheduled for August 15, 2019; and (3) didn't receive the records until September 3, 2019 (the day before she submitted them). (Tr. 94-95, 101); 20 C.F.R. § 404.935(b)(3)(iv). Thus, because Long acted diligently in

9

trying to obtain the records and submitted them before the ALJ issued her decision, the ALJ was *required* to consider the records in evaluating Long's claim. 20 C.F.R. § 404.935(b). And the ALJ's failure to do so resulted in the failure to apply proper legal standards in adjudicating Long's claim. 42 U.S.C. § 405(g).

### 3. Harmless Error

As an initial matter, the court finds the Commissioner's argument that the ALJ's 20 C.F.R. § 404.935 error was harmless when substantial evidence otherwise supported the ALJ's conclusions rings hollow. The Sixth Circuit has consistently held that substantial evidence isn't a "harmless error" defense to non-compliance with regulatory requirements. *See*, *e.g.*, *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409-10 (6th Cir. 2009) (explaining that allowing "substantial evidence" to stand in as a proxy for harmless error "would afford the Commissioner the ability to violate the regulation[s] with impunity and render the protections promised therein illusory"). Or, in other words, it would make the "proper legal standards" prong of judicial review merely superfluous. *See* 42 U.S.C. 405(g) (authorizing judicial review for both substantial evidence *and* application of proper legal standards).

Instead, an ALJ's failure to apply proper legal standards is only harmless when the error didn't prejudice the claimant or deprive the claimant of her substantial rights. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009). This generally requires the claimant to show that a remand *could* reasonably result in a different conclusion and would not "be an idle and useless formality." *Kobetic v. Comm'r of Soc. Sec.*, 114 Fed. Appx. 171, 173 (6th Cir. 2004) (quoting *NLRB v. Wyman-Gordon Co.,* 394 U.S. 759, 766 n.6 (1969) (noting that in such instances courts are not required to "convert judicial review of agency action into a ping-pong game.")); *see also Fisher v. Bowen,* 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of

administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result." (citations omitted)).

The ALJ's failure to consider Dr. Khalil's July 2019 treatment records wasn't harmless. *Rabbers,* 582 F.3d at 654. To some extent, the Commissioner is correct that other records that were before the ALJ bore upon Long's osteoarthritis diagnosis, and that the ALJ adequately considered that diagnosis in evaluating Long's claim. *See* (Tr. 79-81) (citing Tr. 377, 395, 522, 580-81, 692, 696, 713, 755, 803, 805, 851, 881, 906, 908, 917, 979, 986). But none of those records reflected Long's condition as recently as July 2019. *Compare* (Tr. 102-05)*, with* (Tr. 79-81) (citing Tr. 377, 395, 522, 580-81, 692, 696, 713, 755, 803, 805, 851, 881, 906, 908, 917, 979, 986). And Dr. Khalil's July 2019 treatment record reflected significantly *worse* examination findings than those cited in the second most recent record discussed in the ALJ's decision. *Compare* (Tr. 102-05) (limited range of motion in all planes, crepitus, joint hypertrophy, abnormal gait, difficulty walking, radiologic images showing bone-on-bone rubbing in the left knee with "severely diminished" cartilage on the right knee, and scheduling an orthopedic surgery evaluation for a total knee replacement in September), *with* (Tr. 81) (citing Tr. 979, 986) (reflecting that Long had decreased pain and improvements with walking and stairs in May 2019). The consideration of such objective medical findings could have affected, for example, the ALJ's conclusion at Step Three that Long didn't have an impairment that met or medically equaled Listing 1.02 or Listing 1.03 because she hadn't established an inability to ambulate effectively. (Tr. 77). Likewise, consideration of Dr. Khalil's treatment record could affect the ALJ's finding that Dr. Fumich's opinion was not persuasive on the ground that she had "4+/5 strength in both knees" in April 2019 and only temporary post-surgical limitations in August 2018. (Tr. 82) (citing Tr. 898). And, even though it's possible that ALJ might ultimately reach

11

the same conclusions after considering Dr. Khalil's July 2019 treatment record, the possibility that Dr. Khalil's findings could have supported different conclusions regarding whether Long met a listed impairment is enough for the court to conclude that remand wouldn't "be an idle and useless formality."[7] *Kobetic,* 114 Fed. Appx. at 173.

### 4. Exhaustion

At oral argument, the Commissioner indicated that Long failed to preserve the 20 C.F.R. § 404.935 issue because she didn't expressly raise that issue before the Appeals Council. Counsel for the commissioner indicated that he "hadn't done his homework" on that issue, but he believed an issue exhaustion requirement was consistent with Sixth Circuit precedent. But – as recently as September 2020 – the Sixth Circuit has expressly rejected the proposition that social security claimants are required to exhaust *specific issues* before the Appeals Council. *See Ramsey v. Comm'r of Soc. Sec.*, 973 F.3d 537, 543-44 (6th Cir. 2020) (explaining that nothing in the regulations tells claimants that they can't raise new issues on judicial review and that the regulations actually "confirm *agency-driven* development of the issues" (emphasis added)). Thus, the Commissioner's issue-exhaustion defense fails.

## V. Conclusion

The ALJ did not apply proper legal standards when she failed to consider Dr. Khalil's July 2019 treatment record, when Long submitted it to the SSA before the ALJ issued her decision; and Long's diligence in trying to obtain the record excused her failure to submit it five days before the ALJ hearing. Further, that error was not harmless because Dr. Khalil's findings could have supported a different conclusion than the ALJ reached at Step Three. Thus, the

---

[7] In light of the above analysis, the court declines at this time to address separately Long's arguments that the ALJ failed to apply proper legal standards and reach a decision supported by substantial evidence in evaluating whether she met Listing 1.02 and in weighing Dr. Fumich's opinion.

Commissioner's final decision denying Long's applications for DIB and SSI must be, and hereby is, VACATED, and Long's claims are REMANDED to the Commissioner for further consideration consistent with this opinion.

    **IT IS SO ORDERED.**

Dated: June 21, 2021

                                                Thomas M. Parker
                                          United States Magistrate Judge